## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH E. SILVA,

        **Plaintiff,**

vs.                                **CV 02-405 JB/LAM**

ALPHONSO SOLIS,

        **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1] AND ORDER TO SERVE THIS PLEADING ON PLAINTIFF BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AT PLAINTIFF'S NEW ADDRESS

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (*Doc. 14*) and Memorandum in Support of Motion for Summary Judgment (*Doc. 15*), filed January 3, 2003 as to all of Plaintiff's claims. On April 9, 2002, *pro se* Plaintiff Silva filed a "Petition To Be Transferred To  Another Facility for Proper Medical Treatment" (*Doc. 1*). This petition, construed by the Court as a civil rights complaint, alleges premises liability and denial of proper medical care. At the time of the incident, Plaintiff was a federal detainee housed at the Doña Ana County Detention Center. He claims that he slipped on a greasy floor and fell and injured his ribs while in custody. He further alleges  that he was denied proper medical care for these injuries.

---

[1]The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

Plaintiff failed to respond to Defendant's *Martinez* Report (*Doc. 13*), despite the Court giving him ample opportunity to do so (*Doc. 12*), and the Motion for Summary Judgment and supporting Memorandum (*Docs. 14, 15*), thereby waiving the right to controvert facts asserted in Defendant's summary judgment motion.  Although Plaintiff's failure to diligently prosecute his claims or to comply with court rules merits dismissal, such sanction is not favored by this Court and, therefore,  the merits of the Motion for Summary Judgment were carefully reviewed to conform with recent decisions.  Accordingly, the undersigned United States Magistrate Judge, having considered the arguments of counsel, record, relevant law, and being otherwise fully informed, finds that Defendant's Motion is well-taken and **recommends** that it be **GRANTED**.

## Factual and Procedural Background

Petitioner Silva's "Petition To Be Transferred To Another Facility For Proper Medical Treatment" ("Petition") (*Doc. 1*) arises from incidents relating to a March 21, 2002 fall Petitioner suffered while in the custody of the Doña Ana County Detention Center.  The Petition alleges the following: (1) Petitioner was placed in a dirty cell with a greasy floor and cleaning materials were denied; (2) on March 21, 2002 around 10:45 p.m. Petitioner woke to use the restroom, slipped, fell and broke his ribs; (3) staff members placed Petitioner in a medical area cell, without medication, to await the doctor's morning appearance; (4) the doctor checked Petitioner's spine at 10:30 a.m. the next morning, but failed to check the ribs and prescribed one ibuprofen every thirteen hours; (5) Petitioner was held without proper care for the broken ribs resulting in a partially paralyzed left arm and severe bruising. (*Doc. 1*)

On July 3, 2002, the Court issued a Memorandum Opinion and Order that dismissed the United States as a party and substituted "Alphonso Solis", Administrator of the Doña Ana County

2

Detention Center, as Defendant.  (*Doc. 9*)  On August 30, 2002, Defendant answered the Complaint, denying liability and advancing affirmative defenses. (*Doc. 11*)  On October 2, 2002, the Court ordered Defendant to investigate the incident and prepare a *Martinez* Report, to be submitted no later than November 4, 2002.  (*Doc. 12*).  *See Martinez v. Aaron*, 570 F. 2d 317, 320 (10th Cir. 1978). At the time of this order, the Court required  Defendant to serve a copy of the *Martinez* Report on Plaintiff and gave Plaintiff until December 4, 2002 to respond or object to this report.  (*Doc. 12*)[2] The Court also specifically gave notice to both parties that a *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*. (*Id.*)

On January 3, 2003, Defendant filed a Motion for Summary Judgment and supporting Memorandum (*Docs. 14, 15*).  Defendant filed Notices of Completion of Briefing on February 13, 2003 and September 3, 2003, with Certificates of Service to Plaintiff, by mail to both the Torrance County Detention Center and "The County Detention Center" in Las Cruces, New Mexico.  (*Docs. 16,  19*).

### *Martinez* Report

On November 4, 2002, Defendant filed a comprehensive *Martinez* Report addressing Plaintiff's claims and attaching supporting documents.  (*Doc. 13*)  The supporting documents included jail logs indicating the distribution of cleaning supplies in E-Pod (Plaintiff's location) (*Doc. 13 Exh. A*); five incident reports from officers indicating Plaintiff complained of pain due to a

---

[2]Plaintiff was in the Torrance County Detention Center since July 31, 2002,  and should have received service of the *Martinez* Report. (*See Affidavit of Defendant Alfonso Solis, ¶ 6*).  Plaintiff informed the Court of his change of address twice.  On May 17, 2002, Plaintiff  notified the Court that he was moved  from Doña Ana County Detention Center to Luna County Detention Center. (*Doc. 6*),  and on June 20, 2002, Plaintiff notified the Court he was moved back to Doña Ana County Detention Center. (*Doc. 7*)  Plaintiff failed to notify the Court of any other address changes.

fall at approximately 1:10 a.m. on March 22, 2002 and was removed to a medical cell (*Id.*, Exhs. *B, C, D, E, F*); an incident report from the medical technician who examined Plaintiff in his cell and offered him pain medication that was refused (*Id.*, *Exh. G*); an incident report from an officer doing welfare checks in the medical cell area, indicating Plaintiff requested assistance in sitting up, which was refused, but was later observed walking and swinging his blanket (Id., *Exh. H*); physician notes from Dr. Duhigg indicating Plaintiff presented only an abrasion and so prescribed analgesics and rest, and noting that Plaintiff "refuses to take any medication for pain." (*Id.*, *Exh. I*); pharmacy logs and lab reports (*Id.*, *Exh. I*); an Inmate Move Justification indicating Plaintiff remained in the medical unit until April 12, 2002 and no longer complained of rib pain (*Id.*, *Exh. J*); an affidavit from Defendant Solis indicating Plaintiff was transferred out of the Doña Ana County Detention Center on July 31, 2002 (*Id.*, *Exh. K*); and a Custody and Detention report from the U.S. Marshals Service with Special Handling Remarks indicating Plaintiff "may feign illness to be transferred to hospital" (*Id.*, *Exh. L*) Plaintiff failed to respond or object to any information provided in Defendant's *Martinez* Report.  The Certificate of Service indicates service by mail to Plaintiff on November 4, 2002 at both Torrance County Detention Center and "The County Detention Center" in Las Cruces, New Mexico.  (*Doc. 13*).

## Motion for Summary Judgment and Memorandum in Support

On January 3, 2003, Defendant filed a Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment.  (*Docs. 14, 15*)  Defendant stated that there were no genuine material issues of fact and requested that judgment be entered in Defendant's favor as a matter of law.  Defendant's Memorandum in Support of Motion For Summary Judgment included the following statement of undisputed facts:

5

1.  At all material times, Plaintiff was a federal detainee in the Doña Ana County Detention Center.  (Complaint)  He was located in E-Pod.  (*Id.*)

2.  Cleaning supplies were offered to E-Pod on a daily basis.  (Defendant's report, p. 1, [2, 3], Exh. A)[3]

3.  At approximately 1:10 a.m. on March 22, 2002, Plaintiff reported that he had fallen and broken a rib.  (Defendant's report, p. 2, Exh. B, C)

4.  The responding officer called for medical assistance.  (Defendant's report, p. 2, Exh. C)

5.  When Plaintiff was asked how he fell, he reported that he stepped on his shoe and slipped. (Defendant's report, p. 2, Exh G)

6.  Plaintiff was offered pain medication but refused it.  (Defendant's report, p. 2, Exh. E, G) Nonetheless, the medical technician decided to have Plaintiff evaluated by the medical doctor who was due to arrive in the morning.  (Defendant's report, p. 2, Exh. G)

7.  Plaintiff was assisted into a wheelchair and transported to the medical unit.  (Defendant's report, p. 2, Exh. G)

8.   Plaintiff was seen and evaluated by Dr. Duhigg at 9:20 a.m. on March 22, 2002. (Defendant's report, p. 3, Exh. I)  Plaintiff reported he had fallen and hurt his back on the edge of a chair.  (*Id.*)  He requested to be taken to the hospital for x-rays.  (*Id.*)

9.  Dr. Duhigg conducted a physical examination which revealed an abrasion on Plaintiff's back.  (Defendant's report, p. 3, Exh. I)  He observed no soft tissue swelling, no crepitus and no movement of Plaintiff's rib cage when it was palpated.  (*Id.*)  Dr. Duhigg diagnosed the plaintiff with a contusion.  (*Id.*)  He declined to send Plaintiff for x-rays because he felt there was no indication of

---

[3]The document identified here as "Defendant's report" is the same as the *Martinez* Report .

a need for them.  (*Id*.)  Dr. Duhigg noted that the treatments for a contusion and a non-compound, non-complicated rib fracture are the same:  analgesics and rest.  (*Id*.)  Dr. Duhigg prescribed both for plaintiff.  (*Id*.)

10.  Plaintiff remained housed in the medical unit and observed until April 12, 2002, when he was no longer complaining of any pain.  (Defendant's report, p. 3, Exh. J)

Plaintiff failed to respond to Defendant's Motion for Summary Judgment and Defendant's Memorandum in Support of Motion for Summary Judgment within fifteen days of service of the motion as required by NMRA, Rule 1-056 (D)(2).  Defendant's Motion for Summary Judgment indicates service by mail to Plaintiff in "January, 2003" at both the Torrance County Detention Center and "The County Detention Center"[4] in Las Cruces, New Mexico. (*Doc. 14*)

## Failure to Prosecute and Failure to Comply with Court Rules

The Court can impose sanctions on litigants in order to regulate its docket and promote judicial efficiency.  *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction the Court can impose is to dismiss an action when Plaintiff fails to prosecute or fails to comply with the Rules or with a court order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); Fed. Rules Civ. Proc. Rule 41(b) 28 U.S.C.A.  According to the local rules of this Court, a civil action may be dismissed if, "for a period of ninety (90) calendar days, no steps are taken to move the case forward."  D.N.M. LR-Civ. 41.1.  In this case, Plaintiff filed his complaint on April 9, 2002

---

[4]The Court notes that this is the designation given by Plaintiff in his *Petition to be Transferred to Another Facility for Medical Treatment*.  Although Plaintiff in his June 20, 2002 letter to the United States District Court Clerk indicated his change of address as "DACDC," presumably for "Doña Ana County Detention Center," the Court notes that the Post Office Box number "2529" listed by Plaintiff therein is identical to the box number used by Defendant to serve his Motion for Summary Judgment and supporting memorandum on Plaintiff.

(*Doc. 1*), a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on May 6, 2002 (*Doc. 4*), two notices of change of address on May 17, 2002 and June 20, 2002, (*Docs. 6 and 7, respectively*), and paid the first installment on the filing fee on June 24, 2002.  Since June 24, 2002, Plaintiff has not responded to either Defendant's motion or *Martinez* Report, has not paid the monthly filing fee payments as required by Court order (*Doc. 5*), nor corresponded with the Court to explain these failures.

On May 17, 2002, following his transfer from the Doña Ana County Detention Center to the Luna County Detention Center, Plaintiff filed a notice of change of address to Deming, New Mexico. On June 20, 2002, Plaintiff again filed a change of address notice indicating that he had returned to the "DACDC," listing the address as "P. O. Box 2529" in Las Cruces, New Mexico.  The Court notes that the Affidavit of Defendant Alfonso Solis, attached as Exhibit K to the *Martinez* Report states that "[o]n July 31, 2002, Joseph E. Silva was delivered to the U.S. Marshal to be taken to the Torrance County Detention Center."[5] A plaintiff has a duty to inform the court of any address changes and Plaintiff in this case failed to do so.  "It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquires."  *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 1985).

## Summary Judgment Standard

---

[5]This statement likely accounts for the reason why Defendant has served Plaintiff with all pleadings at both the Torrance County Detention Center and at "The County Detention Center, Post Office Box 2529, Las Cruces, New Mexico, 88005."

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Quaker State Minit-Lube, Inc., v. Fireman's Fund Ins. Co.*, 52 F. 3d 1522, 1527 (10th Cir. 1995).  The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case and the moving party is entitled to judgment as a matter of law.  *Celtotex Corp v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 248-49 (1986); *Biester v. Midwest Health Servs. Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996).  The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment.  Fed. R. Civ. P. 56(e); *Bacchus Indus., Inc., v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

However, the Tenth Circuit has recently explained that the non-movant's burden to respond arises only where the summary judgment motion is properly "supported."  *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

> Accordingly, summary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c).  If the evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied, *even if no opposing evidentiary matter is presented*.' [*Id*. (Emphasis in original and internal citation omitted].

### Analysis

Plaintiff failed to timely respond to either Defendant's *Martinez* Report (*Doc. 13*) or Defendant's Motion for Summary Judgment (*Doc. 14*).  Plaintiff has not come forward with

additional information to controvert the information provided in the *Martinez* Report or the Motion for Summary Judgment and supporting Memorandum.  In the October 2, 2002 Order, the Court gave notice to both parties that the *Martinez* Report "may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*". (*Doc. 12*)  Plaintiff was given adequate opportunity to respond to the *Martinez* Report as he had one month "to respond and or object." (*Doc. 12*)  The certificate of service on the *Martinez* Report indicates that Plaintiff was served by mail at his correct address (Torrance County Detention Center) at that time.[6]  Defendant also served Plaintiff at the county detention center in Las Cruces, New Mexico.

The local rule for this Court provides that "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b)   By failing to file a response within the time specified by the local rule, Plaintiff waived the right to file a response or to controvert the facts asserted in the summary judgment motion.  But Plaintiff's waiver does not relieve the court of its duty to make the specific determinations required by Fed. R. Civ. P. 56(c).

In *Meade v. Grubbs*, the Tenth Circuit noted that "[d]ismissal of an action with prejudice is a severe sanction, applicable only in extreme circumstances."  *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)(internal citations omitted).  The *Meade* analysis requires the Court to consider three aggravating factors:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant.   Only when the

---

[6]*See Affidavit of Alfonso Solis, Exh. K to Martinez Report, ¶ 6*, indicating that Plaintiff had been transferred to the Torrance County Detention Center on July 31, 2002, and no change of address from this facility has been provided by Plaintiff.

aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.*, at 1521.

The Tenth Circuit places particular emphasis on the third factor.[7]  The Court of Appeals  held that the district court abused its discretion by dismissing a case based solely on the local time rule in *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395-96 (10th Cir. 1988).  In *Hancock*, the non-movant was unaware of a pending motion for summary judgment and therefore did not file a timely response.  However, in this case, Plaintiff was served with the *Martinez* Report, the Motion for Summary Judgment and supporting Memorandum.[8]  Although on notice, Plaintiff has not responded within the time limits as required by local rule, and in fact has filed only the original complaint (*Doc. 1*) and two changes of address.  (*Docs. 6, 7*)  Plaintiff has also failed to comply with the filing fee payment schedule ordered by the Court.  (*Doc. 5*)   This is the type of extreme situation alluded to in *Meade*, that wastes judicial resources and forces defendants to incur litigation costs, and therefore warrants the severe sanction of dismissal.

The Court does not rely solely on Plaintiff's failure to respond in the Motion for Summary Judgment.  Defendant's *Martinez* Report provides substantive evidence that refutes Plaintiff's claim that he was not provided proper medical care and that, in fact, Plaintiff repeatedly refused pain medication.  The medical records and detention center logs show that Plaintiff Silva was indeed treated for his fall on March 21, 2002.  The record establishes that Doña Ana County Detention Center staff was conscientious and promptly attended to Plaintiff's medical needs.  They were in no

---

[7]*See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998).

[8]*Martinez* Report, certificate of service on November 4, 2002 to both Torrance County Detention Center and "The County Detention Center" in Las Cruces, NM.  Motion for Summary Judgment and Supporting Memorandum, certificate of service in January, 2003 to both Torrance County Detention Center and "The County Detention Center" in Las Cruces, NM.

way negligent and certainly not deliberately indifferent to those needs.  *E.g., Estelle v. Gamble*, 429

U.S. 97, 106 (1976) (denial of medical care); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)

(delay in medical care).

Defendant's *Martinez* Report and Memorandum Supporting the Motion for Summary

Judgment also refute Plaintiff's claim to premises liability.  As set forth in  the unchallenged statement

of facts in Defendant's memorandum in support of his motion and in the detailed reports and logs in

the *Martinez* Report, cleaning supplies were provided (*Undisputed Fact 2*), and Plaintiff stated on

the night of the incident that  he fell because he slipped on his own shoe (*Undisputed Fact 5*).  There

is no evidence presented by Plaintiff, other than his assertion in his Petition which was not made under

oath, to support Plaintiff's claim that he slipped on  a dirty floor.

Finally, Plaintiff's request "To Be Transferred to Another Facility For Proper Medical

Treatment," is moot inasmuch as Plaintiff was transferred out of Doña Ana County Detention Center

on July 31, 2002. (*Doc. 13, Exh. K*)  As far as the Court knows, Plaintiff has not returned to the Doña

Ana County Detention Center facility.

In this case, I have considered the merits of Defendant's Motion for Summary Judgment,

Plaintiff's failure to timely respond to the *Martinez* Report and the Motion for Summary Judgment,

the prejudice to Defendant caused by Plaintiff's failure to prosecute and the consequent waste of

valuable judicial resources.  I note that Plaintiff has not provided the Court with any information to

indicate a lack of culpability on his part for his failure to respond. Defendant has met the initial burden

of production of evidence to support the Motion for Summary Judgment, providing evidence there

is no genuine issue of material fact and Defendant is, therefore, entitled to judgment as a matter of

law.

The Court has examined the record, the facts undisputed by the parties as set forth in the Motion for Summary Judgment, and has made all inferences in the light most favorable to the non-moving party. *Munoz v. St. Mary-Corwin Hosp.,* 221 F.3d 1160, 1164 (10th Cir. 2000). It is apparent that "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574 at 587 (1986)(citing *First National*, 391 U.S. 253 at 289 (1968)). Plaintiff, as the party opposing summary judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts"; he must come forward with "specific facts showing there is a genuine issue for trial." *Matsushita*, 475 U.S. 574 at 586-87 (citing Fed. Rule Civ. P. 56(e)). Plaintiff Silva has failed to timely respond, and has failed to carry his burden in opposition to summary judgment.

**WHEREFORE**, **IT IS HEREBY RECOMMENDED THAT** Defendant's Motion for Summary Judgment (*Doc. 14*) be **GRANTED** and that this action be **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve Plaintiff by Certified Mail, Return Receipt Requested, at his present address and thereby ensure Plaintiff the opportunity to object to these proposed findings and recommended disposition. To the best of the Court's knowledge, that address is Beaumont Med FCI, P.O. Box 26045, Beaumont, TX  77720 and Inmate Register Number is 20105-148.

**IT IS SO ORDERED.**


*Lourdes A. Martinez*
UNITED STATES MAGISTRATE JUDGE


13